UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON

| | | |
|---|---|---|
| DEVONA WATSON<br>818 4th Avenue<br>Dayton, KY 41074 | : <br> : <br> : | <br><br>CASE NO. |
| Plaintiff | : | JUDGE: |
| vs. | : | MAGISTRATE JUDGE: |
| WESTERN & SOUTHERN FINANCIAL<br>GROUP FLEXIBLE BENEFITS PLAN<br>400 Broadway<br>Cincinnati, OH 45202 | <br><br><br><br>: | <br><br><br><br>**COMPLAINT** |
| Defendants. | : | |

Now comes the Plaintiff, Devona Watson, by and through counsel, and for her Complaint hereby states as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of the Court is based upon the Employee Retirement Income Security Act of 1974 (ERISA) and, in particular, 29 U.S.C. § 1132(e)(1) and 1132(f). These statutory provisions give district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of Employee Welfare Benefit Plans. In this case, Plaintiff, Devona Watson, asserts a claim for group disability benefits available under a Plan provided for the employees of Western & Southern Financial Group which is known as Western & Southern Financial Group Flexible Benefits Plan (hereinafter referred to as "the Plan"). The Plan and policy documents should be included in the Administrative

1

Record that Defendants file with this Court.   This action is also brought pursuant to 28 U.S.C. § 1331 which gives district court's jurisdiction over actions that arise under the laws of the United States.

2. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials.  Plaintiff has exhausted these avenues of appeal.

## NATURE OF ACTION

3. Plaintiff, Devona Watson, seeks an award of disability benefits, including disability income benefits, pursuant to an Employee Welfare Benefit Plan providing group disability benefits to employees of Western & Southern Financial Group. This action is brought pursuant to § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B). Plaintiff also seeks to enforce the right to future benefits and demand that Defendants account for past benefits and pay future benefits.

## THE PARTIES

4. Plaintiff, a female, age 46, is now disabled, but was an active employee of Western & Southern Financial Group under the Plan and eligible for benefits as a qualified employee when her medical condition deteriorated and she could no longer work.  Venue is proper in the Eastern District of Kentucky at Covington because Plaintiff resides in Dayton, Campbell County, Kentucky.

5.      At all times relevant hereto, the Plan constituted an "Employee Welfare Benefit Plan" as defined by 29 U.S.C. § 1002(1).  Plaintiff became disabled while employed under the Plan and has coverage as a Plan participant as defined by 29 U.S.C. § 1002(7).  This claim is for benefits under the foregoing Plan.  The Plan is sponsored by the Western & Southern Life Insurance Company.

6.      The "Plan Administrator" is the "Benefits Committee."  The "Benefits Committee" has been given discretionary authority to administer the long-term disability plan.

**STATEMENT OF FACTS**

7.      Plaintiff was a full time employee of Western & Southern Financial Group and actively engaged in employment until August 14, 2017, as a Senior Case Analyst. Senior Case Analyst is a skilled job which is "sedentary" in physical demand. At that time, she ceased working due to severe osteoarthritis of both knees complicated by obesity. In her "Certification of Health Care Provider for Associate's Serious Health Condition", Arthur Kunath, M.D., stated that Ms. Watson was, "unable to ambulate to desk, unable to walk to meetings or get around in office.  She needs both knees replaced but no surgery will do until loses significant weight.  We are taking her off work for minimum of 6 months to see if knees will decrease in symptoms with limited ambulation."

8. Plaintiff made an application for short-term disability benefits on August 14, 2017. On August 15, 2017, the Benefits Department sent Plaintiff a letter stating that they needed additional information related to her medical condition.

9. The definition of disability under the short-term disability plan is located at Section 2.58 of the Plan, and reads, "Temporary or Short-Term Disability or Temporarily or Short-Term Disabled shall mean a disablement resulting from Sickness or Injury of such a nature that as a result the disabled Covered Employee is unable to perform the normal duties of his regular occupation for any employer."

10. Plaintiff submitted medical records supporting her claim for disability as well as the form completed by Dr. Kunath. The Benefits Committee requested that Ms. Watson see an orthopedic physician. On September 13, 2017, Ms. Watson saw Matthew Hummel, M.D., who reports that Ms. Watson arrived to his office in a wheelchair with a significant history of long-term lower extremity pain. Plaintiff reported that she experienced constant aching, grinding and stiffness and has trouble ambulating. Dr. Hummel's impression is "severe bilateral knee osteoarthritis." Dr. Hummel agrees with Dr. Kunath that Ms. Watson is not a surgical candidate due to her weight and that she needs total knee replacements due to the arthritis being, "significantly limiting."

11. On September 26, 2017, a letter was sent to Plaintiff advising that the Benefits Department had reviewed the medical information on September 25, 2017 and concluded that, "...medical documentation submitted fails to support your claim for short-

term disability benefits under the Plan." This letter also states, "No additional information is necessary for you to perfect your claim."

12. Plaintiff submitted an appeal to the September 26, 2017, denial of benefits by submitting a letter detailing her arguments as well as an absence log showing how her condition caused her to miss so much work and information that discusses how to qualify for disability with osteoarthritis.

13. On November 7, 2017, an "Appeal Summary" was completed by the Plan Administrator. This "Summary" states that the, "Decision of the Appeals Committee" was to deny her claim stating: "Denied - medical records failed to document sickness or injury that would result in employee's inability to perform the normal duties of her regular occupation."

14. On November 15, 2017, a letter was sent to Plaintiff advising of the denial of her short-term disability benefits but offered no explanation of why the evidence submitted by the Plaintiff was not sufficient.

15. The Plaintiff also has access to and participates in a long term disability plan which requires continuous disability payments for 26 weeks before being eligible.

16. The United States government awarded disability benefits to Plaintiff under the Social Security Act on February 5, 2018, citing an alleged onset date of

February 2018. This award is mandatory evidence in any long-term disability application under the plan.

## FIRST CAUSE OF ACTION

## CLAIM FOR BENEFITS UNDER 29 U.S.C. § 1132(a)(1)(B)

17. Plaintiff incorporates as if fully restated herein the allegations in paragraphs 1 through 16 of the Complaint.

18. Defendant Plan and its claim administrator failed to exercise the statutorily required duty of care and prudence, failing to administer the Plan solely in the interests of the participants and beneficiaries as required under 29 U.S.C. § 1104(a)(1), and by denying benefits to the Plaintiff contrary to the law and terms of the Plan. The Plan, through its designated fiduciaries, has arbitrarily ignored and selectively reviewed documents Plaintiff has submitted and has failed to provide a full and fair review.

19. Defendant Plan has an inherent "conflict of interest" as it has a dual role as both evaluator and payor of benefit claims, which is to be considered as a factor in the review of any benefit determination.

20. While Defendant Plan, may have the authority to make claims determinations under applicable law and the language of the Policy, the Plan's

6

determinations as Plan Fiduciary are not entitled to deference and the review of any benefits determination must be made *de novo.*

21. As a full *de novo* review of this decision and the evidence in the claim file is required by statute, this Court may not abrogate its duty to perform such a review. Any failure to provide such a review would violate the US Constitution and deprive Plaintiff of constitutional rights, including under Article III and under principles of separation of powers, amongst others.

22. If the Court determines that an arbitrary and capricious standard of review applies to this case rather than a *de novo* standard, the Plan's denial of benefits must be overturned due to the faulty evaluation, confusing methods and below market standards employed by the Plan in the evaluation of evidence. Standards applicable under ERISA, including as enumerated by this Court, the Sixth Circuit Court of Appeals and the United States Supreme Court have been violated by the Plan and an examination of the record reveals that the Plan's decision to discontinue benefits is not the result of a reasoned process and that it is, therefore, arbitrary and capricious.

23. The Plan has violated their duty to provide a full and fair review of claimant's evidence by engaging in the following acts: 1) Defendant has ignored evidence supplied by Plaintiff which supports her disability; and 2) Defendant has not provided an explanation as to why Plaintiff's information is insufficient.

24.     The Plan failed to provide a full and fair review under 29 CFR 2560.503-1 thereby depriving Plaintiff of her due process.  See 29 CFR 2560.503-1(g)(2)(vii)(A)(i-ii) and (j)(6)(i) and 29 U.S.C. §1132(a). The Code of Federal Regulations requires an adequate explanation of why the claimant's evidence was insufficient to award benefits. The Plan offered no explanation of why claimant's evidence was insufficient.  Failure to comply with the Code of Federal Regulations' requirements deprived Ms. Watson of valuable due process protection.

25.     Plaintiff has exhausted her administrative remedies and the Plan still wrongfully denies benefits to which she is entitled.

26.     ERISA requires that an Employee Welfare Benefit Plan be established and maintained pursuant to a written instrument, 29 U.S.C. § 1192(a)(1).

27.     The disability Plan under which the Plaintiff Devona Watson was a participant at the time of her disability should be included in the Administrative record filed with this Court as that document sets forth the criteria for benefits for the Plaintiff.

28.     ERISA provides that an Employee Benefit Welfare Plan shall be established and maintained pursuant to 29 U.S.C. § 1192(a)(1).  Under the terms of this Plan document, to be filed with the Administrative record, the termination of Plaintiff's benefits was clearly unreasonable and without basis.

29. Plaintiff is entitled to benefits and benefits are due and owing to Plaintiff from Defendants in an amount not yet ascertainable. Plaintiff seeks the payment of these benefits under 29 U.S.C. § 1132(a)(1).

**WHEREFORE**, Plaintiff, Devona Watson, prays for the following relief:

A. That the Court enter judgment in Plaintiff Watson's favor and against the Defendants and that the Court order the Defendants to account and pay disability income benefits to Plaintiff Watson in an amount equal to the contractual amount of benefits to which Waston is entitled;

B. That the Court order the Defendants to pay Watson's pre-judgment interest on all benefits that have accrued prior to the date of judgment and enter judgment accordingly and that the Court reserve jurisdiction to enforce its order;

C. That the Court declare Devona Watson's rights under the ERISA Plan, the ERISA statute, and the applicable insurance laws and order the Defendants to continue paying Plaintiff Watson's benefits until such time as the Court decides that she meets the policy conditions for discontinuance of benefits and that this declaration be perfected by an Order of this Court;

D. That the Court award the Plaintiff her attorney fees pursuant to 29 U.S.C. § 1132(g) and;

E. That Plaintiff recovers any and all other relief to which she may be entitled, as well as the costs of the suit.

Dated this 24th day of April, 2018.

Respectfully submitted,

*/s/ Joseph P. McDonald*

---

Joseph P. McDonald (0055230)
McDonald & McDonald Co., L.P.A.
200 E. Spring Valley Rd., Suite A
Dayton, OH  45458
Tel: 937-428-9800; Fax: 937-347-5441
Email: joseph@mcdonaldandmcdonald.com
Attorney for Plaintiff, Devona Watson